Farah Tabibkhoei (SBN 266312)
**DOMINIUM LAW, APC**
5665 Wilshire Blvd. #1071
Los Angeles, CA 90036
Tel: (323) 364-4148
Farah@DominiumLaw.com

Efrem Schwalb (pro hac vice app. forthcoming)
Gary Serbin (pro hac vice app. forthcoming)
**KOFFSKY SCHWALB LLC**
500 Seventh Avenue, 8th Floor
New York, New York 10018
Tel: (646) 553-1590
eschwalb@koffskyschwalb.com
gserbin@koffskyschwalb.com

Attorneys for Plaintiff
Flycatcher Corp. Ltd.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLYCATCHER CORP. LTD., Plaintiff, vs. SKRIVER INTERNATIONAL TRADING LIMITED, Defendant. | Case No.: 2:26-cv-13183 **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Flycatcher Corp. Ltd. ("Flycatcher"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Flycatcher brings this action against Skriver International Trading Limited ("Skriver") for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## PARTIES

2. Flycatcher is a United Kingdom private limited company, with its office located at 201 Haverstock Hill, London, UK NW3 4QG.

3. Skriver is a Chinese company, with its principal place of business in Hong Kong, People's Republic of China. Skriver sells products under the name CAYDO, and may be referenced in this Complaint as either Skriver or Caydo.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

5. This Court has personal jurisdiction over Defendant Skriver because Skriver, directly and through one or more intermediaries (including Amazon.com) has sold and shipped infringing product to customers in this district, as well as other locations in the United States. In addition, Skriver maintains an interactive website at https://www.caydo.com/. The website enables customers to order directly from the site and have products shipped to them.

6. Alternatively, Defendant Skriver is subject to the jurisdiction of this Court pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, because the claim arises under federal law, and Skriver is not subject to jurisdiction in any state's courts of general jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and/or 28 U.S.C. § 1400(b).

# FACTUAL ALLEGATIONS

## I. Flycatcher Products

8. Flycatcher is a leader in incorporating state-of-the-art technology into kid-friendly educational products.

9. Flycatcher was founded by Shay Chen, a father of three who ran two successful technology businesses before turning his attention to toys. Intrigued by the way his own children moved seamlessly between traditional and digital play, he focused on the way the two patterns intersect, incorporating state-of-the-art technology into kid-friendly products. This elemental integration is reflected in every one of Flycatcher's toys.

10. Flycatcher toys incorporate "STEAM" learning concepts and core curricula while nurturing creativity, physical skills and emotional intelligence. STEAM refers to an educational approach to learning that uses Science, Technology, Engineering, the Arts and Mathematics as access points for guiding student inquiry, dialogue, and critical thinking. This method has been the subject of studies showing its effectiveness in child development and education.

11. Flycatcher is the assignee and owner of the entire right, title, and interest in and to U.S. Patent No. 12,688,791 ("the '791 Patent"), attached hereto as **Exhibit A**, titled "Interactive Educational Electronic Toy System" and duly issued by the United Stated Patent and Trademark Office on July 21, 2026.

12. Flycatcher's right includes the right to assert all causes of action arising under the '791 Patent and the right to all remedies for infringement, including past, current, and future damages.

13. The '791 Patent is generally directed to a system and method for providing a drawing challenge to a user. See Ex. A.

14. Flycatcher has designed and manufactures the smART Sketcher 2.0 Projector, an educational drawing-tracing projector for kids ("smART Sketcher

2.0”). Flycatcher also designs and manufactures the smART Sketcher AI projector (“smART Sketcher AI”), an educational drawing-tracing projector designed for children, which provides additional features, such as projecting traceable AI-generated images created by users via Flycatcher’s companion App (discussed below) installed on mobile devices. Flycatcher offers for sale and sells its smART Sketcher 2.0 and smART Sketcher AI projectors in the United States, including in this District.

15. Flycatcher’s smART Sketcher 2.0 and smART Sketcher AI projectors incorporate the technology disclosed in the ’791 Patent and are covered by the ’791 Patent. See Ex. A.

16. Flycatcher has also designed, developed, and distributes a companion App called smART sketcher Projector App, which is designed for use together with the smART Sketcher 2.0 and smART Sketcher AI projectors (collectively the “smART Sketcher system”).

## II. <u>Skriver’s Infringing Products</u>

17. Defendant Skriver makes, uses, sells, offers for sale and/or imports into the United States two items: the Caydo T3 Joy Kids Drawing Projector and the Caydo T3 Art Projector. Copies of the manuals of the Caydo T3 Joy Kids Drawing Projector and the Caydo T3 Art Projector are attached hereto as **Exhibit B** and **Exhibit C**, respectively.

18. Defendant Skriver also makes, uses, sells, offers for sale and/or imports into the United States an app called Caydo Art Design App (“Caydo App”) that is designed for use together with the T3 Joy Kids Drawing Projector (collectively the “T3 Art System”) and with the T3 Art Projector (collectively the “T3 Joy System”).

19. Defendant Skriver actively encourages and induces the use of the T3 Joy Kids Drawing Projector and the Caydo App through instructions contained in the T3 Joy Kids Drawing Projector User Manual (**Exhibit B**), which instructs

customers in the use of both.

20. Defendant Skriver also actively encourages and induces the use of the T3 Art Projector and the Caydo App through instructions contained in the T3 Art Projector user manual (**Exhibit C**), which instructs customers in the use of both.

21. Defendant Skriver's T3 Art Projector directly competes with Plaintiff's smART Sketcher 2.0 and smART Sketcher AI projectors.

22. Defendant's Skriver's T3 Joy Projector directly competes with Plaintiff's smART Sketcher 2.0 and smART Sketcher IA projectors.

## FIRST COUNT FOR PATENT INFRINGEMENT

23. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

24. **Exhibits D and E** provide claim charts detailing infringement of claim 1 of the '791 Patent by the Caydo T3 Joy Kids Drawing Projector and the Caydo T3 Art Projector, respectively.

25. Defendant has infringed and continues to infringe the '791 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and or importing into the United States the Caydo T3 Art Projector and the Caydo T3 Joy Kids Drawing Projector, and T3 Art System and T3 Joy System without authority or license.

26. Defendant indirectly infringes the '791 Patent, including at least claim 1, pursuant to 35 U.S. C. § 271(b), by (among other things) and with specific intent or willful blindness, actively inducing, encouraging, aiding and abetting infringement by others, such as Skriver's customers and end-users, in this District and elsewhere in the United States. For example, Skriver's customers and end-users directly infringe through their use of the inventions claimed in the '791 Patent.

Skriver induces this direct infringement through its affirmative acts of manufacturing, selling, distributing and/or otherwise making available the Caydo T3 Art Projector and the Caydo T3 Joy Kids Drawing Projector, and T3 Art System and T3 Joy System and providing instructions, documentation, such as the manuals attached as Exhibits B and C, and/or other information to customers and end-users instructing them to use the Caydo T3 Art Projector and the Caydo T3 Joy Kids Drawing Projector, and T3 Art System and T3 Joy System in an infringing manner. Skriver has known of the ’791 Patent, and of its infringement of the ‘791 Patent, or has been willfully blind to such infringement, since at least the filing of this Complaint. Despite this knowledge of the ’791 Patent and of its infringement, Skriver has continued to perform these affirmative acts with intent, or willful blindness, that the induced acts directly infringe the ’791 Patent.

27. Skriver also indirectly infringes the ’791 Patent, including at least claim 1, pursuant to 35 U.S.C. § 271(c), by contributing to direct infringement committed by others, such as customers and end-users in the United States, including in this District. Skriver’s affirmative acts of offering to sell, selling, and/or importing into the United States the Caydo T3 Art Projector and the Caydo T3 Joy Kids Drawing Projector, and

28. T3 Art System and T3 Joy System contribute to Skriver’s customers’ and end-users’ use of such products and systems, such that the ’791 Patent is directly infringed. The Caydo T3 Art Projector and the Caydo T3 Joy Kids Drawing Projector, and T3 Art System and T3 Joy System are a material part of the invention of the ’791 Patent, are not a staple article or commodity of commerce, have no substantial non-infringing use, and are known by Skriver to be especially made or adapted for use in the infringement of the ’791 patent. Skriver has known of the ’791 patent, and of its infringement, or has been willfully blind to such infringement, since at least the filing of this Complaint. Despite this knowledge of the ’791 Patent and

of its infringement, Skriver has continued to perform these affirmative acts with knowledge of the ’791 Patent and with intent, or willful blindness, that they cause infringement of the ’791 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Flycatcher prays for a judgment in its favor and against Skriver and respectfully requests the following relief:

A. A judgment that Skriver infringes the ’791 patent;

B. Damages for infringement of the ’791 patent in an amount to be determined at trial;

C. A preliminary and permanent injunction ordering Skriver to cease further infringement of the ’791 patent and to take down all offerings of the infringing product;

D. For other monetary relief, including costs and expenses and pre- and post-judgment interest;

E. A determination that Skriver’s infringement of the ’791 patents has been and is willful, and an award of enhanced damages, up to and including treble damages awarded to Flycatcher;

F. A determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys’ fees and costs to Flycatcher; and

G. Other and further relief as this Court deems just and proper.

Dated: November 10, 2026

DOMINIUM LAW, APC

By: /s/ Farah Tabibkhoei
Farah Tabibkhoei
*Attorneys for Plaintiff*
*Flycatcher Corp. Ltd.*

## JURY DEMAND

Plaintiff Flycatcher hereby demands a jury of all issues so triable.

Dated: November 10, 2026

DOMINIUM LAW, APC

By:_/s/ Farah Tabibkhoei___________
Farah Tabibkhoei
*Attorneys for Plaintiff*
*Flycatcher Corp. Ltd.*